```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/25/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------  x

MUTHLA ALSAYER,                              :
                                             :
                    Plaintiff,               :        Case No. 22 Civ. 2628 (AT)
                                             :
        v.                                   :        **AMENDED**
                                             :        **STIPULATED**
                                             :        **CONFIDENTIALITY**
OMNIX LABS, INC.,                            :        **AGREEMENT AND**
                                             :        **PROTECTIVE ORDER**
                                             :
                    Defendant.               :
---------------------------------------------------------  x

**WHEREAS**, the parties to this action (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public, confidential, and sensitive information that may be discloses in connection with discovery in this action; and

**WHEREAS**, the Parties, through counsel, have agree to the following terms; and

**WHEREAS**, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order (the "Order").

**NOW IT IS HEREBY ORDERED** that, any person subject to this Order, including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms, upon penalty of contempt for violation of the Order:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential

Discovery Material to anyone else except as this Order expressly permits.

2.      All Discovery Material shall be used by the Parties solely for the prosecution

and/or defense of this action and not for any other purpose.  Any Party or person in possession

of Discovery Material designated as "Confidential" shall maintain those materials in a

reasonably secure manner so as to avoid disclosure of their contents in a manner that is not

consistent with this Order.  Nothing contained in this Order, however, will affect or restrict the

rights of any Party with respect to its own documents or information produced in this action.

3.      The Party or person producing or disclosing Discovery Material ("Producing

Party") may designate as Confidential only the portion of such material that it reasonably and

in good faith believes consists of:

> (a)    previously non-disclosed financial or business related information;
>
> (b)    previously non-disclosed material relating to ownership or control of
>        any non-public company;
>
> (c)    previously non-disclosed business plans, product-development
>        information, or marketing plans;
>
> (d)    any information of a personal or intimate nature regarding any
>        individual or Party; or
>
> (e)    any other category of information this Court affords Confidential status.

4.      With respect to the Confidential portion of any Discovery Material other than

deposition transcripts and exhibits, the Producing Party or its counsel may designate such

portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the

protected portion in a manner that will not interfere with legibility or audibility.

5.      A Producing Party or its counsel may designate deposition exhibits or portions

of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the

record during the deposition that a question calls for Confidential information, in which case

the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)     the Parties to this action;

    (b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good-faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the Non-Disclosure Agreement;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

9.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign the Non-Disclosure Agreement (in the form annexed as an exhibit hereto) stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall comply with Rule IV.A.ii of this Court's Individual Rules of Practice in Civil Cases, including, *inter alia*, publicly filing a redacted copy of the Confidential Court Submission via the Electronic Case Filing System, filing an appropriate application and supporting declaration justifying the sealing of such documents,

and serving the Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  The parties will use their best efforts to minimize such sealing.

11.     Any Party who objects to a confidentiality designation may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement, counsel for all affected Parties will address their dispute to the Court in accordance with this Court's Individual Practices.

12.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

13.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any

disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Within 60 days of the final disposition of this action (including any appeals) all recipients of Confidential Discovery Material must either return such material, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17.     This Order will survive the termination of this action and will continue to be binding upon all Parties and persons to whom Confidential Discovery Material is produced or disclosed.

{00484701.DOCX; 1}

Dated:  August 25, 2022

**SO STIPULATED AND AGREED:**

COHEN TAUBER SPIEVACK & WAGNER         BOCHETTO AND LENTZ, P.C.
P.C.                                                                      *Attorneys for Defendant*
*Attorneys for Plaintiff*

   */s/ Kenneth J. Rubinstein*

_____         _____
Kenneth J. Rubinstein                                       Gavin P. Lentz
Jackson S. Davis                                               Albert M. Belmont, III
420 Lexington Avenue, Suite 2400                 1524 Locust Street
New York, New York 10170                          Philadelphia, Pennsylvania 19102
(212) 586-5800                                               (215) 735-3900

**SO ORDERED:**

                                   Dated: August 25, 2022
                                      New York, New York

_____
          **ANALISA TORRES**
     **United States District Judge**