UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTHLA ALSAYER,

                    Plaintiff,

          -against-

OMNIX LABS, INC.,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/3/2023
```

22 Civ. 2628 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Muthla AlSayer, brings this action against Defendant, omniX Labs, Inc. ("omniX" or "Defendant"), alleging that omniX refuses to honor its obligation to repay a loan taken out in AlSayer's name for omniX's benefit. Compl. ¶ 1, ECF No. 1. AlSayer brings causes of action for breach of oral agreement, breach of implied agreement, unjust enrichment, indemnification, and declaratory relief. *Id.* ¶¶ 33–55.

    Defendant moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), failure to join an indispensable party under Rule 12(b)(7), and lack of subject matter jurisdiction under Rule 12(b)(1). Def. Mem. at 1, ECF No. 29; *see also* ECF No. 27.

    For the reasons stated below, omniX's motion is DENIED.

<h3 align="center">BACKGROUND[1]</h3>

    Defendant is a "subscription . . . platform that provides real-time analytics for retailers" using "computer vision and proprietary machine learning models." Compl. ¶ 6. It was formed in Kuwait in 2017 by AlSayer and Anoop Kanthan. *Id.* ¶¶ 7, 9, 13. Kanthan held a 40% interest in

---

[1] The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

omniX and assumed the role of Chief Operating Officer.  *Id.* ¶ 10.  AlSayer held a 60% interest and acted as Chief Executive Officer.  *Id.*  AlSayer's role included raising capital to fund research and development and ongoing operations.  *Id.* ¶ 11.  AlSayer and Kanthan agreed that AlSayer would personally take out a loan on behalf of omniX and that omniX would bear responsibility for repayment of the loan.  *Id.* ¶ 16.  AlSayer then formed a Kuwaiti entity, Tags Lab General Trading Company ("Tags Lab"), in order to provide funding to omniX.  *Id.* ¶¶ 14, 14 n.3.  As manager of Tags Lab, AlSayer entered into a loan agreement with the National Fund for Small and Medium Enterprise Development, an entity affiliated with the Ministry of Justice of the State of Kuwait/Kuwait National Fund ("KNF"), for KWD 400,000.  *Id.* ¶ 14.  In order to qualify for the loan, the borrower needed to have a Kuwaiti founder, bank account, office, and business license—all of which AlSayer had but which omniX, as a fledgling company, did not. *Id.* ¶ 15.

All loan funds were used for omniX.  *Id.* ¶¶ 17–18.  Kanthan was involved in preparation of monthly reports presented to KNF detailing the use of the loan.  *Id.* ¶ 19.  Kanthan also represented to potential investors that KNF provided "initial round funding" or "seed round" funding to omniX.  *Id.* ¶ 20.  The loan has now matured.  *Id.* ¶ 22.  The repayment obligation is KWD 420,453.44, or USD $1,383,291.82.  *Id.*  Despite multiple demands, omniX has refused to recognize and fulfill its obligation to satisfy the debt.  *Id.* ¶ 30.  Defendant stated to AlSayer that $182,000 of the loan was a capital contribution by AlSayer and/or that the funds were used for

other ventures unrelated to omniX.  *Id.* ¶ 31.  AlSayer commenced an action against omniX on March 31, 2022.  Compl.

## DISCUSSION

I.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*.  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

In deciding a Rule 12(b)(7) motion to dismiss, a court must first determine whether an absent party is required under Federal Rule of Civil Procedure 19(a).  *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010) (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000)).  A party that is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction is required if:  (A) in that party's absence, the court cannot provide complete relief among the existing parties, or (B) the absent party claims an interest relating to the subject of the action and is situated such that proceeding without the party may (i) impede the party's ability to protect its interest, or (ii) leave an existing party subject to substantial risk of incurring multiple or inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).

Federal Rule of Civil Procedure 19(a)(1)(B) requires the absent party to claim an interest in the pending litigation. *See Peregrine Myan. Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *Cont'l Cas. Co. v. Am. Home Assurance Co.*, No. 05 Civ. 7874, 2008 WL 1752231, at *4 (S.D.N.Y. Apr. 14, 2008).

If the absent party is required, but cannot be joined, a court must determine if the absent party is indispensable. *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002). The court should consider: "(1) the extent to which a judgment rendered in the [party's] absence might prejudice that [party] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the [party's] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). If a party is indispensable, the action should be dismissed. *Jonesfilm*, 299 F.3d at 139.

To prevail on a Rule 12(b)(1) motion to dismiss, a party must show that the court lacks the statutory or constitutional power to adjudicate the action. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A court lacks constitutional power to adjudicate an action if a case is unripe because an actual "case or controversy" is necessary to confer Article III jurisdiction. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 685 (2d Cir. 2013). A case is unripe if the disagreement between the parties is abstract, *Johnson v. Bryson*, 851 F. Supp. 2d 688, 702 (S.D.N.Y. 2012) (citing *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807–08 (2003)), if there is an undeveloped factual record, *see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005), or if a claim depends on contingent future events, *Blue Angel Realty, Inc. v. United States*, No. 20 Civ. 8220, 2022 WL 94599, at *9

(S.D.N.Y. Jan. 8, 2022) (citing *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020), and *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 548 Fed. App'x 741, 742 (2d Cir. 2014) (summary order)).  But, a purely legal question "is eminently fit for judicial review."  *Blue Angel Realty, Inc.*, 2022 WL 94599, at *9 (citation omitted).

II.   <u>Analysis</u>

A.  Failure to State a Claim

Defendant argues that AlSayer has failed to state a claim because she is not a party to the loan agreement and, therefore, has no personal liability or direct contractual obligation under the agreement.  Def. Mem. at 1, 6.  Defendant contends that the borrower is Tags Lab, a sole proprietorship owned by AlSayer, because AlSayer obtained the loan in her role as manager of Tags Lab rather than in her individual capacity.  *Id.* at 2, 5.

AlSayer has sufficiently pleaded her claims.  First, AlSayer expressly pleaded that she is personally obligated to repay the loan agreement.  *See, e.g.*, Compl. ¶ 1 ("obligation[] to repay a loan taken out in . . . AlSayer's personal name"); *id.* ¶ 16 ("AlSayer would personally take out the loan on behalf of [omniX]"); *id.* ¶ 30 n.5 ("[AlSayer] ha[s] been left . . . with all this debt pinned on [her] personally."); *see also id.* at ¶¶ 15, 22, 34–36, 39–41, 44–45, 49–51, 53, 55.  Second, the loan agreement[2] states that the "[s]econd [p]arty," or borrower, is AlSayer, "a Kuwaiti citizen, . . . in her capacity as the manager or, sole partner in and authorized signatory for [Tags Lab], a for-profit sole proprietorship."  Loan Agreement at 1, ECF No. 31-3; *see also* Compl. ¶ 14 ("AlSayer, in her capacity as the [m]anager of [Tags Lab], entered into [the loan agreement]").  A sole proprietorship "has no legal existence apart from its owner."  *Lattanzio v.*

---

[2] The parties agree that the loan agreement is incorporated in the complaint by reference.  *See* Def. Mem. at 4; Pl. Opp. at 6, ECF No. 30; ECF No. 27-2 (attaching the loan agreement as exhibit B to omniX's motion to dismiss); ECF No. 31-3 (attaching the loan agreement as exhibit 3 to AlSayer's opposition); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

*COMPTA*, 481 F.3d 137, 140 (2d Cir. 2007).  A sole proprietorship is not a separate entity, and, therefore, the income, expenses, assets, and liabilities of a sole proprietorship belong to its owner "in his or her personal capacity."  *In re Anderson*, 623 B.R. 199, 218 (Bankr. D. Conn. 2020) (quotations and citations omitted).  Further, the loan agreement refers to the second party with female pronouns.  *See, e.g.*, Loan Agreement at 2.  And, although the loan agreement states that KNF is "represented in signing" the contract by its agent and signatory, it does not state that Tags Lab is represented by AlSayer, or refer to AlSayer as an agent.  *Id.* at 1.[3]  Therefore, AlSayer has sufficiently pleaded that she is personally obligated to repay the loan.

Accordingly, omniX's motion to dismiss for failure to state a claim is DENIED.

B.  Failure to Join an Indispensable Party

Defendant argues that Tags Lab is a required party because it is a party to the loan agreement and a beneficiary of omniX's alleged promise to repay the loan.  Def. Mem. at 8. Defendant contends that failure to join Tags Lab leaves omniX at risk of incurring multiple or inconsistent obligations if Tags Lab later sues omniX based on omniX's alleged promise to repay the loan.  *Id.*  Defendant states that, if joinder of Tags Lab is not feasible, the complaint should be dismissed "as a matter of equity."  *Id.* at 9.

A motion to dismiss for failure to join a party under Rule 19(a)(1)(B) requires the absent party to claim an interest in the pending litigation.  *See Peregrine Myan. Ltd.*, 89 F.3d at 49; *Cont'l Cas. Co.*, 2008 WL 1752231, at *4.  Tags Lab has not claimed an interest in this matter. Even if it had, because AlSayer and Tags Lab are not legally distinguishable entities, *Lattanzio*,

---

[3] In her opposition, AlSayer references a "[d]ebt [d]eclaration" document which is not mentioned in the complaint. Pl. Opp. at 3; ECF No. 31-4.  In its reply, omniX cites the debt declaration document in support of its argument. Def. Reply at 2, ECF No. 33 (citing ECF No. 31-4 at 1).  The parties do not argue that the debt declaration document is integral to the complaint, and AlSayer does not mention the document in her complaint.  Therefore, the Court shall not consider the debt declaration document.  *See Chambers*, 282 F.3d at 153.  But, it is worth noting that, in discussing this document, omniX concedes that AlSayer is at least a "joint surety," and therefore has a legal obligation with respect to the loan.  Def. Reply at 2.

481 F.3d at 140, there is no risk of omniX incurring multiple or inconsistent obligations in connection with its alleged promise to repay the loan.  Moreover, omniX does not argue that joinder is not feasible.  *See Jonesfilm*, 299 F.3d at 139.

Accordingly, omniX's motion to dismiss for failure to join an indispensable party is DENIED.

### C.  Lack of Subject Matter Jurisdiction

Defendant argues that there is no "case or controversy," because neither AlSayer nor Tags Lab is "yet subject to a judgment or final determination of liability to KNF," and there is no "actual asserted claim" by KNF against AlSayer or Tags Lab.  Def. Mem. at 9–10.  Therefore, omniX contends that adjudication is premature, and this Court does not have subject matter jurisdiction.  *Id.* at 9; *see also* Def. Reply at 2, ECF No. 33.

The purpose of the ripeness doctrine is to prevent courts from "entangling themselves in abstract disagreements," *Johnson*, 851 F. Supp. 2d at 702 (citation omitted), or attempting to decide a controversy on an undeveloped factual record, *see Duane Reade, Inc.*, 411 F.3d at 389.  The dispute here is not abstract, and AlSayer's claims are not based on contingent future events or an undeveloped factual record.  AlSayer pleaded, and omniX does not dispute, that the loan has matured.  Pl. Opp. at 9, ECF No. 30; Def. Mem. at 3; Def. Reply at 2.  AlSayer is currently obligated to repay the loan, and her obligation—and, therefore, omniX's alleged obligation—is not dependent on future events.  Each of AlSayer's claims is ripe for review.

AlSayer's first two causes of action are breach of contract claims.  Compl. ¶¶ 33–42.  The contract on which these claims depend is the oral or implied contract between AlSayer and omniX, which omniX has repudiated.  *Id.* ¶¶ 30–31, 30 n.5.  A non-repudiating party may treat a repudiation as an anticipatory breach of contract and seek damages.  *Lucente v. IBM Corp.*, 310

F.3d 243, 258 (2d Cir. 2002).  Thus, the contract claims are ripe for review.  AlSayer's third cause of action is for unjust enrichment.  Compl. ¶¶ 43–47.  AlSayer gave the proceeds of the loan to omniX in 2017, and AlSayer claims that omniX has been unjustly enriched in the amount of the proceeds.  *Id.* ¶¶ 17–21, 43–47.  Her claim is not dependent on a future event, including KNF's collection of the amount owed.  Therefore, the unjust enrichment claim is ripe for review. AlSayer's fourth cause of action is for indemnity, *id.* ¶¶ 48–51, which accrues when "the underlying liability has been established," *Convergent Wealth Advisors LLC v. Lydian Holding Co.*, No. 12 Civ. 1199, 2012 WL 2148221, at *3 (S.D.N.Y. June 13, 2012).  AlSayer's liability was established by the loan agreement, the terms of which are not in dispute.  Thus, the indemnity claim is ripe for review.  AlSayer's fifth cause of action is for declaratory relief. Compl. ¶¶ 52–55.  A claim for declaratory relief is justiciable if there is a substantial controversy of "sufficient immediacy and reality" that has matured beyond a mere contingency or speculation.  *Wedtech Corp. v. Fed. Ins. Co.*, 740 F. Supp. 214, 220 (S.D.N.Y. 1990) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941), and *Pub. Serv. Comm'n v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952)).  AlSayer's obligation to repay the loan is not contingent on future events or speculative and it is sufficiently immediate that her claim for declaratory relief is ripe for review.

Accordingly, omniX's motion to dismiss for lack of subject matter jurisdiction is DENIED.

## CONCLUSION

For the reasons stated above, omniX's motion to dismiss is DENIED.  The Clerk of Court

is directed to terminate the motion at ECF No. 27.

SO ORDERED.

Dated: February 3, 2023
       New York, New York

 

_____

ANALISA TORRES
United States District Judge