```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUTHLA ALSAYER,

                Plaintiff,

-against-

OMNIX LABS, INC.,

                Defendant.

22 Civ. 2628 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In this action against Defendant omniX Labs, Inc.[1] ("omniX"), Plaintiff, Muthla AlSayer, seeks a declaratory judgment and asserts causes of action for breach of an oral agreement, breach of an implied agreement, unjust enrichment, and indemnification. Compl. ¶¶ 33–55, ECF No. 1; *see generally id.*

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Mot., ECF No. 60; *see* Def. Mem. at 1, ECF No. 61. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND[2]

OmniX is a "subscription . . . platform that provides real-time analytics for retailers" using "computer vision and proprietary machine learning models." Compl. ¶ 6. It was formed in 2017 by AlSayer and Anoop Kanthan. Def. 56.1 ¶ 2, ECF No. 65. Kanthan held a forty percent stake in omniX and was its chief operating officer. *Id.* ¶ 4. AlSayer held a sixty percent stake

---

[1] Defendant was previously named TagXLabs, Inc. Def. 56.1 ¶ 10 n.1, ECF No. 65. The entity's name was changed to omniX Labs, Inc. in May 2020. *Id.*

[2] The facts in this section are taken from the parties' Rule 56.1 statements, responses, and declarations, unless otherwise noted. Disputed facts are so noted. Citations to a paragraph in a Rule 56.1 statement also include the opposing party's response. "[W]here there are no citations[,] or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (alteration omitted). On a motion for summary judgment, the facts must be read in the light most favorable to the nonmoving party. *Id.* at 69.

and was the chief executive officer. *Id.* AlSayer's role included raising capital to fund research and development and ongoing operations. *Id.* ¶ 3.

AlSayer also established Tags Lab General Trading Company ("Tags Lab"), a Kuwaiti for-profit sole proprietorship. AlSayer Dep. at 15:5–13, 17:9–15, ECF No. 65-2; *see* Compl. ¶ 14; Loan Agreement at 1, ECF No. 65-1. On November 12, 2017, Tags Lab, as borrower, and the Kuwaiti National Fund for Small and Medium Enterprise Development ("KNF"), as lender, entered into a loan agreement for 400,000 Kuwaiti dinars ("KWD"). Loan Agreement at 1–2; Pl. Opp. at 3, ECF No. 64. AlSayer signed the loan agreement "in her capacity as the manager of, sole partner in and authorized signatory for" Tags Lab. Loan Agreement at 1.

The parties dispute AlSayer's motivation for taking out the loan. AlSayer claims that she borrowed the money on behalf of omniX because KNF required a Kuwaiti founder, bank account, office, and business license—all of which AlSayer had, but which omniX did not. Def. 56.1 ¶¶ 5, 7; Pl. Opp. at 3; *see* AlSayer Dep. at 15:19–16:6, 17:9–15, 37:6–38:1. She further alleges that omniX promised her that it would bear ultimate responsibility for repayment of the loan. Compl. ¶ 16; AlSayer Dep. at 35:13–36:18. OmniX, however, claims that AlSayer obtained the loan to fund ventures unrelated to omniX. Kanthan Dep. at 40:18–22, ECF No. 65-3 (describing AlSayer's intention to use the loan funds to support the "businesses in Kuwait that she was either a CEO or owner of").

The loan has matured, and AlSayer owes KWD 420,453.44, or USD $1,383,291.82. Compl. ¶ 22; *see* Def. 56.1 ¶ 11; Pl. Opp. at 4.

OmniX previously moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), failure to join an indispensable party under Rule 12(b)(7), and lack of subject matter jurisdiction under Rule 12(b)(1). ECF No. 27. By order

dated February 3, 2023 (the "Order"), the Court denied omniX's motion, holding, *inter alia*, that AlSayer had "sufficiently pleaded that she is personally obligated to repay the loan," and that her claims were ripe and "not dependent on future events." Order at 6–8, ECF No. 49.  OmniX now moves for summary judgment.

## DISCUSSION

I. <u>Legal Standard</u>

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002).  If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105.  "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healey*

*v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted). In deciding the motion, the Court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

II.  Analysis

OmniX contends that it is entitled to summary judgment because (1) AlSayer is not the debtor under the loan agreement; (2) "no demand has been made [against her] or the actual debtor" to repay the loan; and (3) she "has not yet suffered the legal element of damages." Def. Reply at 2, ECF No. 66. The Court previously rejected these arguments, *see* Order at 5–8, and the record at summary judgment does not alter the Court's prior conclusions.

A.  Debtor under the Loan Agreement

OmniX renews its argument that AlSayer is not party to the loan agreement and, therefore, cannot bring suit against omniX to recoup the debt. Def. Mem. at 5; Def. Reply at 5–10. But, the agreement is ambiguous, precluding summary judgment.

In determining whether summary judgment is appropriate, the Court engages in a multi-step contract interpretation process.[3] First, the Court must determine whether the contract is ambiguous as a matter of law. *Volt Elec. NYC Corp. v. A.M.E., Inc.*, 586 F. Supp. 3d 262, 276 (S.D.N.Y. 2022); *Law Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010) ("[W]hether the contract is ambiguous is a question of law for the [C]ourt."). "Contract provisions are unambiguous if they have a definite and precise meaning concerning which there is no reasonable basis for a difference of opinion." *LVP Assocs. L.L.C. v. Bank of China, N.Y. Branch*, No. 17 Civ. 5274, 2017 WL 5514523, at *4 (S.D.N.Y. Nov. 16, 2017)

---

[3] Although the loan agreement states that Kuwaiti law applies, "the parties' briefs assume that New York law controls this issue, and such implied consent is sufficient to establish choice of law" for the purposes of this motion. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) (cleaned up); *see, e.g.*, Def. Mem. at 9; Pl. Opp. at 7–8. Accordingly, the Court applies New York contract law.

4

(cleaned up). "By contrast, a contract is ambiguous where its language is susceptible to multiple interpretations." *Mindspirit, LLC v. Evalueserve Ltd.*, 346 F. Supp. 3d 552, 574 (S.D.N.Y. 2018) (internal quotation marks and citation omitted); *see also Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 567 (2d Cir. 2011) ("[C]ontract claims are generally not subject to summary judgment if the resolution of a dispute turns on the meaning of an ambiguous term or phrase.").

If the terms of the contract are unambiguous, the Court enforces the contract "according to the plain meaning of its terms." *Volt Elec.*, 586 F. Supp. 3d at 276. However, if "ambiguity exists and the resolution of the ambiguity hinges on [] extrinsic matters[,] . . . a jury, and not [the C]ourt, should decide what meaning is to be ascribed to the contract." *Id.* at 278; *see id.* at 277 ("[T]he meaning of the ambiguous contract is a question of fact for the factfinder.").

Here, the Court finds that the loan agreement is ambiguous as a matter of law. The loan agreement is susceptible to multiple interpretations. As the Court discussed in the Order, "the loan agreement refers to the [borrower] with female pronouns . . . [a]nd, although the loan agreement states that KNF is 'represented in signing' the contract by its agent and signatory, it does not state that Tags Lab is represented by AlSayer, or refer to AlSayer as an agent." Order at 6; *see* Pl. Opp. at 4. A reasonable jury could therefore find that AlSayer is the debtor and a party to the loan agreement. By contrast, a reasonable jury could adopt omniX's interpretation, finding that only Tags Lab is a party to the agreement and that its distinct legal identity insulates AlSayer from liability. *See* Def. 56.1 ¶ 5. AlSayer's status under the loan agreement is a triable issue of fact that must be reserved for the jury. *See Volt Elec.*, 586 F. Supp. 3d at 277.

Accordingly, omniX's motion for summary judgment on the ground that AlSayer is not the debtor under the loan agreement is DENIED.

B.  Demand to Repay Loan

OmniX next argues that summary judgment is proper because KNF has not demanded repayment of the loan, initiated a legal action, or won a judgment against Tags Lab or AlSayer. Def. Mem. at 8.  The Court disagrees.  As stated in the Order, the loan has matured, and "AlSayer's [five] claims are not based on contingent future events or an undeveloped factual record."  Order at 7.  Rather, she "is currently obligated to repay the loan, and her obligation—and, therefore, omniX's alleged obligation—is not dependent on future events." *Id*. at 7 (describing the ripeness of each of AlSayer's causes of action).

The parties' deposition testimony also suggests that KNF has in fact sought repayment. For example, Kanthan testified that he was aware of, and has aided, AlSayer's efforts to have the loan forgiven.  Kanthan Dep. at 141:2–142:16, 147:7–24.  Additionally, AlSayer testified, in response to a question about whether she'd been threatened with legal action, that she received a "warning" from KNF.  AlSayer Dep. at 26:4–19.

Accordingly, omniX's motion for summary judgment on the ground that there has been no demand for repayment of the KNF loan is DENIED.

C.  Damages

Finally, omniX argues that it is entitled to summary judgment because AlSayer "has not yet suffered the legal element of damages."  Def. Reply at 2; *see* Def. Mem. at 8.  OmniX, which again cites no authority for this argument, is incorrect.  The loan has matured, and payment is past due.  If AlSayer is personally liable for the loan and omniX agreed to repay it, then omniX's refusal to do so would cause AlSayer to be delinquent on the debt—a cognizable injury.  *See* Order at 8 ("AlSayer's obligation to repay the loan is not contingent on future events or

6

speculative."); *cf. Spiro v. Healthport Techs., LLC*, 73 F. Supp. 3d 259, 269 (S.D.N.Y. 2014) (holding that a substantial contingent liability constitutes an injury in fact).

Accordingly, omniX's motion for summary judgment on the ground that AlSayer has not suffered damages is DENIED.

## CONCLUSION

For the reasons stated above, omniX's motion for summary judgment is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 60.

By separate order, the Court shall refer the matter for settlement. The Court shall set a trial date and related pretrial deadlines for Plaintiff's claims in due course.

SO ORDERED.

Dated: March 19, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge