UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MUTHLA ALSAYER,

                        Plaintiff,

       -v-

OMNIX LABS, INC.,

                        Defendant.

-------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 12/05/2025 |

22-cv-2628 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Muthla AlSayer ("Plaintiff" or "AlSayer") moves, pursuant to 28 U.S.C. § 2202, for an order enforcing the judgment entered by this Court on January 15, 2025. Dkt. No. 106. Defendant OmniX Labs, Inc. ("Defendant" or "OmniX") moves, pursuant to Federal Rule of Civil Procedure 62(d) and the Court's inherent power, for a stay of enforcement of the Court's January 15, 2025 judgment pending appeal to the United States Court of Appeals for the Second Circuit. Dkt. No. 114. For the reasons that follow, Plaintiff's motion and Defendant's motion both are denied without prejudice.

## BACKGROUND

The Court awarded declaratory judgment to Plaintiff in this action on January 15, 2025. Dkt. No. 97. Defendant filed a notice of appeal on February 12, 2025. Dkt. No. 102. On February 25, 2025, Plaintiff filed a cross-appeal from the Court's order dismissing the claim for indemnification. Dkt. No. 103.

On October 30, 2025, Plaintiff brought this motion to enforce the judgment supported by a memorandum of law and the declaration of Kenneth J. Rubinstein. Dkt. Nos. 106–08.

Defendant filed a memorandum of law in opposition to the motion to enforce the judgment on November 11, 2025.  Dkt. No. 110.  Plaintiff filed a reply memorandum in further support of the motion to enforce the judgment on November 18, 2025.  Dkt. No. 117.

Defendant filed its motion to stay enforcement of the judgment on November 12, 2025.  Dkt. No. 114.  It supported that motion with a memorandum of law and the declaration of Gavin P. Lentz.  Dkt. Nos. 115–16.  Plaintiff filed a memorandum of law in opposition to the motion on November 24, 2025.  Dkt. No. 118.  Defendant filed a reply memorandum of law on November 26, 2025.  Dkt. No. 120.

The Court heard oral argument on the question of what procedure it should follow in evaluating the motion for enforcement of the judgment on December 5, 2025.  This Order memorializes the Court's oral ruling at the conference.

## DISCUSSION

Plaintiff seeks an order directing Defendant to pay Plaintiff the full amount of the Loan plus fees (KWD 420,453,440) or, alternatively, directing Defendant to provide Plaintiff with payments totaling KWD 35,037.786 per month each and every month until the Loan is repaid in full.  Dkt. No. 107 at 3–4.

Plaintiff relies upon 28 U.S.C. § 2202.  That statute states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."   The provision allows "plaintiffs who have won a declaratory judgment from the court to enforce that judgment through injunction, damages and other relief."  *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999); *see Chesapeake Energy Corp. v. Bank of New York Mellon Tr. Co.*, 2015 WL 4191419, at *7 (S.D.N.Y. July 10, 2015), *aff'd*, 837 F.3d 146 (2d Cir. 2016) (collecting

cases).

As a preliminary matter, the Court considers whether the filing of a notice of appeal to the United States Court of Appeals divests the Court of jurisdiction. It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.*; *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) ("The filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice") (internal citations and quotations omitted); *see also Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023), *adhered to*, 151 F.4th 50 (2d Cir. 2025) (same); *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021) (same).

However, "§ 2202 … is an exception to the *Griggs* rule." *Maxum Indem. Co. v. 3rd Generation Plumbing, Inc.*, 2019 WL 1112428, at *3 (S.D. Fla. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 1119435 (S.D. Fla. Jan. 23, 2019). "Courts that have addressed when a motion for further relief may be brought under § 2202 have consistently held that neither the filing of an appeal nor a lengthy delay after the trial court's initial ruling terminates the court's authority to grant further relief pursuant to § 2202." *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 572–73 (5th Cir. 2005). "Section 2202's retained authority, commentators have noted, 'merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective. To rule otherwise would allow the party against whom a

3

declaratory judgment is rendered to nullify her adversary's right to § 2202 relief merely by lodging an appeal." *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) (quoting Borchard, Declaratory Judgments 441 (2d ed.1941)); *see also Anatol Zukerman & Charles Krause Reporting, LLC v. United States Postal Serv.*, 64 F.4th 1354, 1366 (D.C. Cir. 2023).  The Court therefore has jurisdiction.

The motion to enforce the Court's declaratory judgment under 28 U.S.C. § 2202, as currently presented, however, is insufficient.  "Courts have invoked [Section 2202] to permit plaintiffs who have won a declaratory judgment from the court to enforce that judgment through injunction, damages and other relief." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999).  Section 2202 states that further relief may be granted after "reasonable notice and hearing."   The statute is silent with respect to the nature of the hearing and the process the Cour is to follow after notice is given that a party is seeking further relief.  So are the cases that the Court has found.

In this case Plaintiff is seeking relief different from that which a court traditionally gives after it has entered a money judgment.  After the court has entered a money judgment, the judgment creditor can avail itself of a wide range of remedies under Federal Rule of Civil Procedure 69.  Here, Plaintiff is seeking in essence to convert its declaratory judgment into a money judgment or an order requiring Defendant to pay money.  It relies solely on a declaration of counsel.  Plaintiff has not submitted evidence from a percipient witness.  Defendant argues that there are factual and legal issues that prevent the Court from issuing a new judgment or order for monetary relief.  In these circumstances, the Court draws guidance from Federal Rule of Civil Procedure 56 which applies when a party seeks judgment on a summary basis.  That rule requires the submission of materials in the record or affidavits or declarations based on personal

4

knowledge. *See* Fed. R. Civ. P. 56(c). It also permits the opposing party to resist judgment on grounds that it has been unable to present facts essential to its opposition. Fed. R. Civ. P. 56(d).[1] Plaintiff has presented facts it claims entitle it to relief but those facts are not presented from a percipient witness. That is insufficient for relief under the summary judgment standard, which requires the moving party to establish that there remains no "genuine dispute of material fact." Fed. R. Civ. P. 56(a). Plaintiff's motion is accordingly denied.

The Court grants Plaintiff leave to replead her motion in the form of a motion for summary judgment on enforcement of the declaratory judgment, including a memorandum of law, accompanying declaration, and a Rule 56.1 statement of undisputed facts. Defendant will have the opportunity to respond to the motion and the Rule 56.1 statement, and Plaintiff can reply in turn.

Defendant's motion for a stay is premised on the Court granting Plaintiff's motion for enforcement of the declaratory judgment. Therefore, it too is denied.

**CONCLUSION**

Plaintiff's motion to enforce judgment is denied with leave to replead as outlined above. The Parties will confer and submit a letter to the Court by December 10, 2025, with a proposed briefing schedule for any renewed motion to enforce.

The Clerk of Court is respectfully requested to close Dkt. No. 106 and Dkt. No. 114.

SO ORDERED.

Dated: December 5, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] The opposing party must make that showing by affidavit or declaration. Fed. R. Civ. P. 56(d).