UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

Muthla AlSayer,

                           Plaintiff,

          -v-

OmniX Labs, Inc.,

                           Defendant.

------------------------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 03/26/2026

22-cv-2628 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

By opinion and order of January 15, 2025, the Court awarded a declaratory judgment to Plaintiff Muthla AlSayer ("Plaintiff" or "AlSayer").  Dkt. No. 97.  The Court declared that Defendant OmniX Labs, Inc. ("Defendant" or "OmniX") was liable to AlSayer for AlSayer's obligation to the Kuwaiti National Fund for Small and Medium Enterprises Development ("KNF") under the KNF loan agreement of November 2017 and associated surety agreement. *Id.*; *AlSayer v. OmniX Labs, Inc.*, 2025 WL 100899, at *2 (S.D.N.Y. Jan. 15, 2025), *appeal withdrawn*, 2025 WL 1397170 (2d Cir. Apr. 28, 2025).[1]  Plaintiff now moves, through Federal Rule of Civil Procedure 56, for an order enforcing the declaratory judgment.  Dkt. No. 127.  Plaintiff seeks a judgment in the full amount of the KNF loan plus fees totaling 420,453,440 KWD or alternatively an order that Defendant provide AlSayer payments of 35,037,786 KWD per month each and every month until the KNF Loan is repaid in full.  Dkt. No. 134 at 7.  For the reasons that follow, the motion is granted.

---

[1] The Second Circuit affirmed the declaratory judgment. *See AlSayer v. OmniX Labs, Inc.*, 2026 WL 682344, at *2 (2d Cir. Mar. 11, 2026) (summary order).

**BACKGROUND**

Plaintiff's request for relief was first presented through a motion to enforce the judgment filed on October 30, 2025.  Dkt. No. 106.  By memorandum and order of December 5, 2025, the Court denied Plaintiff's motion to enforce the judgment.  Dkt. No. 124.  The Court noted that the Second Circuit has held that a party who has won a declaratory judgment can enforce that judgment under 28 U.S.C. § 2202 "through injunction, damages and other relief."  *Id.* at 4 (quoting *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999)).  The Court also raised *sua sponte* the question whether the filing of a notice of appeal to the United States Court of Appeals divested the Court of jurisdiction and concluded that it did not.  *See id.* at 3–4 (citing, *inter alia*, *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 572–73 (5th Cir. 2005), *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988), and *Anatol Zukerman & Charles Krause Reporting, LLC v. United States Postal Serv.*, 64 F.4th 1354, 1366 (D.C. Cir. 2023)).  The Court observed that 28 U.S.C. § 2202 provides that further relief may be granted only after "reasonable notice and hearing."  *Id.* at 4 (quoting 28 U.S.C. § 2202).  It concluded that, in light of Defendant's claim that there were disputed issues of law and fact, the appropriate course was to treat the motion as one for summary judgment.  If Plaintiff submitted evidence supporting its claim and Defendant did not offer evidence creating a genuine issue of fact or contend that it had been unable to present facts essential to the opposition under Federal Rule of Civil Procedure 56(d), then Plaintiff might be entitled to relief. *Id.* at 4–5.[2]

---

[2] There has been no additional discovery, nor has OmniX requested additional discovery or put in a Rule 56(d) statement.  Thus, Defendant cannot object that the information it would need to oppose the motion is unavailable to it.  *See Benson v. Otis Elevator Co.*, 557 F. App'x 74, 77 (2d Cir. 2014) (summary order) (rejecting argument that the district court abused discretion by denying request to extend fact discovery where the party "failed to submit an affidavit or

Plaintiff has now moved for summary judgment.  She offers evidence that, on February 10, 2025, after the Court awarded her declaratory relief, the KNF sent her a letter noting the outstanding KWD 420,453,440 owed under the KNF loan and stated that: "Upon review by the Financial Department, it has been determined that you have not paid the installments due."  Dkt. Nos. 129-3 ¶ 3, 129-4.  The letter went on to state: "please settle the outstanding installments at your earliest convenience and notify us accordingly."  Dkt. No. 129-4.  On March 24, 2025, AlSayer received a follow up email from the KNF which stated: "Please be advised that your file will be transferred to the Delinquency Department within 10 days."  Dkt. Nos. 129-3 ¶ 4, 129-5.  On March 26, 2025, she received a letter from KNF detailing the history of the KNF Loan, which stated that the "deferment period" had expired.  Dkt. Nos. 129-3 ¶ 5, 129-6.  AlSayer requested permission to pay the amount due under the KNF Loan in 12 equal monthly installments.  Dkt. Nos. 129-3 ¶ 6, 129-7.  The KNF accepted the proposal, with the first installment due in October 2025.  Dkt. Nos. 129-3 ¶ 7, 129-8.  On October 13, 2025, the KNF followed up with the exact amounts to be paid in installments under the next 12 months.  Dkt. Nos. 129-3 ¶ 8, 129-9.  Plaintiff requested an extension, which was granted, and made the first payment of 35,037.786 KWD to the KNF on December 18, 2025.  Dkt. Nos. 129-3 ¶ 9, 129-10; 135-1 ¶ 2.  Plaintiff made the second installment payment, for the same value, in January 2026.  Dkt. Nos. 135-1 ¶ 3, 135-2; *see also* Dkt. No. 135-3 (reflecting current account status with the KNF and accounting for the two payments made).

## LEGAL STANDARD

---

declaration under Federal Rule of Civil Procedure 56(d) explaining why evidence necessary to justify her opposition was not available to her.").

The motion before the Court arises in an atypical fashion.  Plaintiff instituted this action for a declaratory judgment before any demand was made by the KNF and before she suffered any out of pocket loss.  Dkt. No. 49 at 7; Dkt. No. 67 at 6.  Her claim as it went to trial thus sought purely equitable relief to settle the legal relations between the parties, in the form of a declaration determining who bore liability for the debt owed the KNF.  *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (discussing history of Declaratory Judgment Act).  No jury trial was available.  *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (no jury trial right for suits seeking only equitable relief).[3]

Plaintiff now seeks relief under 28 U.S.C. § 2202 following the issuance of the declaratory judgment.  That statute provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § 2202.  The Second Circuit has noted that "Courts have invoked [Section 2202] to permit plaintiffs who have won a declaratory judgment form the court to enforce that judgment through injunction, damages and other relief."  *Starter Corp v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir. 1999).  Courts have held that Section 2202 "may be used to award monetary damages."  *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, 2015 WL 4191419, at *7 (S.D.N.Y. July 10, 2015), *aff'd*, 837 F.3d 146 (2d Cir. 2016) (citing *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.,* 966 F.2d 847, 851–52 (4th Cir. 1992); *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,* 843 F.2d 546, 548–49 (D.C. Cir. 1988); *Alexander & Alexander, Inc. v. Van Impe,* 787 F.2d 163, 166 (3d Cir. 1986);

---

[3] The Court notes that neither Plaintiff nor Defendant made a jury demand.  Dkt. Nos. 1, 54; *see* Fed. R. Civ. P. 38(b).  Nor has any party objected to the procedures the Court has used to resolve this motion.

*Sec. Ins. Co. of New Haven v. White,* 236 F.2d 215, 220 (10th Cir. 1956)).  Yet, the Seventh

Amendment to the Constitution guarantees the right to a jury trial of all issues at law, including a

claim for breach of contract where the value in controversy exceeds twenty dollars.  *See*

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (stating that the Seventh Amendment

applies "to 'suits in which *legal* rights were to be ascertained and determined, in

contradistinction to those where equitable rights alone were recognized, and equitable remedies

were administered'" (quoting *Parsons v. Bedford,* 3 Pet. 433, 447, (1830))).  And in *Beacon*

*Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), the Supreme Court held, *inter alia*, that where

legal and equitable claims are joined together in a single lawsuit, the legal claims invariably

should be tried first to the jury lest the right to jury trial be denied through the application of

collateral estoppel following resolution of the equitable claims.  *See Dairy Queen Inc. v. Wood,*

369 U.S. 469, 472–73 (1962) ("The holding in *Beacon Theatres* was that where both legal and

equitable issues are presented in a single case, 'only under the most imperative circumstances,

circumstances which in view of the flexible procedures of the Federal Rules we cannot now

anticipate, can the right to a jury trial of legal issues be lost through prior determination of

equitable claims'").

A party cannot seek declaratory relief if an alternative remedy, such as a claim for

damages, is available.  The Declaratory Judgment Act "by its express terms, vests a district court

with discretion to exercise jurisdiction over a declaratory action." *Duane Reade, Inc. v. St. Paul*

*Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citing 28 U.S.C. § 2201(a)).  To

decide whether declaratory judgment is appropriate, a court must ask whether "the judgment will

serve a useful purpose," *Id.* (quoting *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998,

1001 (2d Cir. 1969)), and whether "there is a better or more effective remedy," *Liberty Ins.*

*Corp. v. Hudson Excess Ins. Co.*, 147 F.4th 249, 262 (quoting *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023)).  If a money judgment would be sufficient to remedy the alleged wrong, a declaratory judgment serves no useful purpose.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2d Cir. 1993) ("Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint.").  Studious adherence to that rule helps ensure in many cases that a declaratory judgment action is not used as a contrivance to avoid the right to a jury trial.  *See Green v. Mansour*, 474 U.S. 423, 428 (1985) (explaining that declaratory relief is not available where "issuance of a declaratory judgment . . . would have much the same effect as a full-fledged award of damages or restitution by the federal court").

However, in other cases, such as this one, at the time declaratory relief is sought, a declaration is appropriate and is not tantamount to a damages award.  Section 2202 envisions a two-step process in such cases, with a declaration first declaring the rights of the parties and a later action to obtain further relief if that declaration is not effective.  *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2771 (2d ed. 1983) (Section 2202 "permits the original judgment to be supplemented . . . by damages . . . even though coercive relief might have been available at the time of the declaratory action.").  But it does not address how to handle the Seventh Amendment issues that are potentially presented, as it is silent with respect to the nature of the hearing and the process the court is to follow after notice is given that a party is seeking further relief.

The Court addressed the authority granted by Section 2202 and the supervening requirements of the Seventh Amendment by resorting in the first instance to Rule 56 of the

Federal Rules of Civil Procedure. *See AlSayer v. OmniX Labs, Inc.*, 2025 WL 3496276 (S.D.N.Y. Dec. 5, 2025). The Court reasoned, as the Supreme Court has held, that "[n]o one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined." *Ex parte Peterson*, 253 U.S. 300, 310 (1920), *cited in Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979)). A court thus may award summary judgment without compromising the Seventh Amendment. *Parklane Hosiery*, 439 U.S. at 336. The first question before the Court is thus whether there are disputed issues between the parties that would foreclose the Court from entering judgment on the papers. If there are not such disputed issues, then there would be no need for a trial. Accordingly, now that the parties have fully briefed and submitted their motions for summary judgment, a determination that "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law" is appropriate. *Michael v. General Motors LLC*, 790 F. App'x 275, 276 (2d Cir. 2019) (summary order).

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 69 (2d Cir. 2001), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

## DISCUSSION

Plaintiff has submitted undisputed evidence that the KNF loan is due and that she had begun payments under a 12-month repayment schedule negotiated with the KNF. Plaintiff has provided a sworn declaration attesting to those facts, and documentary evidence in further support of those declarations. As detailed, that includes communications from the KNF explaining that the loan is due, Dkt. Nos. 129-4, 129-5, 129-6, communications with the KNF negotiating the payment schedule, Dkt. Nos. 129-7, 129-8, 129-9, 129-10, and proof of payments pursuant to that negotiated schedule, Dkt. Nos. 129-10, 135-2, 135-3.

Plaintiff has further provided evidence that Defendant was at all times kept apprised of these developments. On February 21, 2025, Plaintiff notified Defendant that there was an "announcement by KNF that the deferment period will conclude and the collection of outstanding installments will resume," and that "based on advice from Kuwaiti counsel, Ms. AlSayer is going to engage in discussions with KNF regarding terms for repayment of the loan (for which omniX will be fully responsible)." Dkt. No. 129-11. Less than a month later, on March 11, 2025, Plaintiff informed Defendant that "Ms. AlSayer intends to move forward with resolving the outstanding obligation to the KNF your client is responsible for." Dkt. No. 129-12. AlSayer sent an update regarding the 12-month repayment schedule in April, Dkt. No. 129-13, another in September, Dkt. No. 129-14, and on September 30, 2025, apprised Defendant of the finalized agreement and requested that Defendant "please advise if your client will fulfill its obligations pursuant" to the Court's prior declaratory judgment, Dkt. No. 129-15. In response to

the email on September 30, 2025, Defense counsel responded only that "there is an appeal pending." Dkt. No. 129-16 at 2.

Defendant does not dispute the Court's prior judgment or that the communications received from the KNF are accurate. Dkt. No. 131 ¶¶ 1–2, 4, 7–9, 14. As a factual matter, Defendant disputes only that AlSayer requested a deferment of payments and that any payments have been made by AlSayer in repayment of the loan. *See* Dkt. No. 131 ¶¶ 16, 18. That contention does not raise a genuine dispute of material fact as relevant here. Plaintiff has submitted evidence supporting the payment made December 18, 2025, Dkt. No. 129-10, the payment made January 25, 2026, Dkt. No. 135-2, and an updated record from the KNF regarding the status of the loan reflecting those payments, Dkt. No. 135-3 at 4. Defendant has put in no contrary evidence demonstrating that Plaintiff has not made those payments. Instead, they note only that the "Application for Telex Transfer" for the December 18, 2025 payment was not signed or notarized. Dkt. No. 131 ¶ 18. Nor is the document recording the January 25, 2026 payment. Dkt. No. 135-2. However, the copies of the Telex transfers submitted are confirmed by the accounting provided by the KNF and are supported by a declaration sworn by AlSayer. *See* Dkt. Nos. 135-3, 129-3 ¶ 9, 135-1 ¶¶ 2–4. Mere speculation by Defendant that the amounts were not paid does not create a genuine issue of material fact. *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts.").

Defendant also disputes the motion for summary judgment on the basis that AlSayer breached the covenant of good faith and fair dealing by failing to permit Defendant to negotiate

with the KNF directly with respect to the loan amount and payment schedule.  Dkt. No. 131-1 at 11.  That is not correct.  "Under New York law, a covenant of good faith and fair dealing is implied in all contracts."  *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 169 (2d Cir. 2004) (quoting *1-10 Indus. Assocs., LLC v. Trim Corp. of Am.*, 747 N.Y.S.2d 29, 31 (2d Dep't 2002)).  Here, Defendant may be understood to allege that its inability to negotiate violated the implied agreement that "AlSayer would sign for the loan, and OmniX would ultimately be responsible for repaying it."  *AlSayer*, 2025 WL 100899, at *12.  "This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *State Bank & Tr.*, 374 F.3d at 169 (quoting *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (N.Y. 2002)); see *S. Telecom Inc. v. ThreeSixty Brands Grp., LLC*, 520 F. Supp. 3d 497, 504 (S.D.N.Y. 2021).  "[T]he implied obligation is in aid and furtherance of other terms of the agreement of the parties."  *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 91 (N.Y. 1983).

That Defendant was not granted the express opportunity to directly negotiate repayment of the loan does not violate the covenant of good faith and fair dealing, as it does not impact Defendant's receipt of the benefits under the implied agreement—that is, that Defendant received and used the loaned funds.  Defendant does not explain how the requirement that it pay back a loan it impliedly contracted to repay on its own volition would "have the effect of destroying or injuring" its rights under that implied contract.  *State Bank & Tr.*, 374 F.3d at 169. As the Court previously explained, the "entire benefit of the loan went to OmniX," which used the funds for various services related to its business.  *AlSayer*, 2025 WL 100899, at *10–12. That Defendant would be required to repay the loan was clear from the outset of that implied

agreement.  Defendant's inability to attempt to negotiate payment or more preferable terms on its own is therefore not a breach of the covenant of good faith and fair dealing.

The remaining question pertains to the form of relief.  Plaintiff requests either the full value of the KNF loan plus fees (KWD 420,453.440) or, in the alternative, monthly payments totaling KWD 35,037.786 per month until the KNF loan is repaid in full.  Dkt. No. 128 at 7.[4]  An order requiring Defendant to make monthly payments would, in effect, be an injunction. Defendant would have to make the payments on pain of contempt and the Court would retain jurisdiction to impose such contempt.  Such continuing jurisdiction over the case, however, is disfavored.  Where an adequate remedy at law exists in the form of damages a plaintiff ordinarily cannot invoke the court's equitable powers.  *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."); *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1186 (2d Cir. 1995); *Morales v. Trans World Airlines*, 504 U.S. 374, 381 (1992) ("It is a 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974))); *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146–47 (2d Cir. 2020) ("Our analysis starts with the familiar principle that injunctive relief is only proper when a plaintiff, lacking an adequate remedy at law, is likely to suffer from injury at the hands of the defendant if the court does not act in equity.").

An adequate remedy exists here in the form of a money judgment.  The Court's

---

[4] Whether calculated as a single value or the sum of the monthly installments, that amount is KWD 420,453.440.  *See* Dkt. No. 129-7 at 3 (calculating the monthly installments by dividing the total value by twelve).

11

declaratory judgment determined that Defendant is responsible for the repayment of the KNF Loan.  Damages are calculated by determining the difference between what Plaintiff was owed and what they were paid.  Here, AlSayer is owed, pursuant to the Court's declaratory judgment and the evidence presented with respect to this motion, the total loan value she must repay to the KNF.  Plaintiff therefore is entitled to a monetary judgment against Defendant for the full value of the outstanding KNF loan.

Plaintiff's motion for summary judgment is accordingly GRANTED.  Plaintiff is ordered to submit a proposed judgment with the value in U.S. dollars by March 31, 2026.  Defendant will have until April 6, 2026 to respond.

The Clerk of Court is respectfully requested to close Dkt. No. 127.

SO ORDERED.

Dated: March 26, 2026
     New York, New York

_____
LEWIS J. LIMAN
United States District Judge